UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GIA ROSADO, individually, and on behalf of all others similarly situated,

CASE NO.: 8:24-cv-01825

       Plaintiff,

v.

GROUNDGAME.HEALTH, INC.,

       Defendant

_____/

## JOINT MOTION FOR APPROVAL OF THE FLSA SETTLEMENT AND TO DISMISS THIS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, GIA ROSADO and Opt-In Plaintiff Kimberly MacDonna (collectively, the "Plaintiffs"), and Defendant GROUNDGAME.HEALTH, INC. ("Defendant"), hereinafter collectively referred to as the "Parties", by and through the undersigned counsel, hereby file this Joint Motion to Approve Their Settlement Agreements and to Dismiss this Action with Prejudice and Incorporated Memorandum of Law, and state the following:

1. On August 2, 2024, Plaintiff Gia Rosado filed a two-count complaint against Defendant alleging violations of the Fair Labor Standards Act ("FLSA") and Breach of Contract. (See Dkt. No. 1).

2. Kimberly MacDonna joined this action as an opt in Plaintiff on January .

3.  Plaintiff, Gia Rosado, is an employee for Defendant as care a part time care coordinators/dialer.

4.  Plaintiff, Kimberly MacDonna was employed by Defendant as a part time care coordinator/dialer from August 28, 2023, and resigned from her position on August 21, 2024.

5.  Plaintiffs alleged that they were non-exempt employees who were not paid for overtime hours worked. Plaintiffs further alleged that they were required to attend weekly meetings that were held after scheduled work hours, lasted approximately 0.75 hours, and Plaintiffs were not allowed to log attendance as overtime. Plaintiffs demanded unpaid overtime wages, liquidated damages, costs, and reasonable attorneys' fees.

6.  Defendants timely filed an Answer and Affirmative Defenses to Plaintiffs' Complaint on September 11, 2024. Defendants continue to strongly maintain that Plaintiffs, all employees, are and were properly and fully paid, and that Defendants have, at all times, complied with federal and state laws.

7.  The litigation commenced for approximately five months in this case.

8.  The parties exchanged in an informal discovery exchange and several settlement negotiations. The Parties with assistance from their counsels were able to come to an agreement.

9. The Parties stipulate and represent that a bona fide dispute exists regarding the merits of Plaintiffs' case and the back wages and other damages Plaintiffs claim. The Parties still disagree on key questions of whether Plaintiffs were entitled to overtime compensation, whether Plaintiffs sustained any damages and, if so, the extent of the purported damages. Nonetheless, the Parties conducted informal settlement negotiations and were able to reach an agreement resolving all aspects of this case including the claims for unpaid wages, liquidated damages, and attorney's fees and costs. Defendant elected to resolve this matter in order to avoid further disruption and expense, not because it admits liability. Indeed, Defendant specifically and expressly denies any and all liability, including denying that Plaintiffs worked any time for which they were not compensated.

10. After extensive discussions regarding their respective positions, Plaintiffs and Defendant have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate. The Settlement Agreements between the parties reflect the risks and uncertainty associated with litigation. The attorney's fees and costs that the parties agreed upon for Plaintiffs' counsel, were negotiated separately from the settlement sums beings paid to Plaintiffs.

11. A Composite of the executed Settlement Agreements are attached as Exhibit 1.

12. Collectively, Defendant has agreed to pay the Plaintiffs as follows:

    a. Plaintiff, Gia Rosado – FLSA Claim $4,445.00

        i. Unpaid Wages - $472.50

        ii. Liquidated Damages - $472.50

        iii. Attorney's Fees & Costs - $3,500.00

    b. Plaintiff, Gia Rosado – Breach of Contract Claim, general release, and termination of employment $10,920.00

    c. Plaintiff, Kimberly MacDonna – FLSA Claim $2,750.00

        i. Unpaid Wages - $250.00

        ii. Attorney's Fees & Costs - $2,500.00

    d. Plaintiff, Kimberly MacDonna – Breach of Contract Claim, general release, and waiver of future employment $250.00

13. Plaintiffs, will receive two checks. One check, less applicable taxes and withholdings, including employer required payroll taxes, designated as alleged unpaid overtime wages, and one check, without any withholdings, designated as alleged liquidated damages and interest.

14. The settlement negotiations resulted in Defendants' agreement to pay this gross sum of $1,195.00 as a total to resolve the unpaid wage claims

of all the Plaintiffs, which the parties herein stipulate and agree constitute a fair and reasonable compromise between the Parties as to the Plaintiffs' unpaid overtime claims, which the Plaintiffs have accepted.

15. After the Parties reached a sum to be paid to the Plaintiffs, the Parties also agreed to a fair and reasonable resolution to Plaintiff's request for attorney's fees and costs for a total amount of $6,000. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiffs, and in no way affected the amount of wages separately and first agreed to be paid by Defendant to the Plaintiffs for their claimed unpaid wages.

16. The Settlement Agreements will result in Plaintiffs receiving a payment within thirty (30) days of Court approval of the Settlement Agreement and the Court dismissing this action with prejudice, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation.

17. The Parties believe this settlement to be a fair and reasonable compromise of the disputed issues in this case. Within the Agreement, the parties also contemplated and agreed to confidentiality, non-disparagement, general release, termination of employment, and no-rehire provisions as explained below. Plaintiff and Defendant

acknowledge and agree that the above settlements represents a fair and reasonable compromise between both Parties respectfully request this Court enter an order granting this Joint Motion and approving the Parties' FLSA Settlement Agreement and dismissing the matter with prejudice.

## **MEMORANDUM OF LAW**

A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor,* 679 F.2d 150, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize the settlement to determine if it constitutes a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve it. *Id.* In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. See *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 (11th Cir. 1994); *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) *see also Mitchell v. Tally Ho, L.L.C.,*

No. 8:23-CV-43-CPT, 2023 WL 3995463, at *2 (M.D. Fla. June 8, 2023). There is a "strong presumption" in favor of finding a settlement fair. *See Hamilton,* 2007 WL 328792, at *2; *see also Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977). Indeed, at least one judge has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti,* 715 F. Supp. 2d at 1227.

## A. Plaintiffs' Recovery is Fair and Reasonable

As to the first factor, there is no fraud or collusion behind the Parties settlement. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. *See Mitchell at *2* (M.D. Fla. June 8, 2023). Here, Plaintiff, Gia Rosado, had her own representation, and Defendant were represented by counsel. Both counsel for Plaintiffs and Defendants have experience in litigating claims under the FLSA and other labor and employment law matters. Counsel for the parties were obligated to, and did, vigorously represent their clients' rights. It is clear there is no fraud or collusion based on the representation of the parties and the amounts to be paid to Plaintiffs.

The remaining factors also weigh in favor of approving this settlement. The present claim involves a complex factual dispute. If the Parties continued to litigate this matter, they would be enforced to engage in protracted litigation, at a cost many times that of the amount claimed by Plaintiff, with an outcome that remains uncertain for both parties.

Plaintiffs' counsel has an obligation to vigorously represent their clients' rights, and they did so in this case. There is no evidence of fraud or collusion. Indeed, Plaintiffs and their counsel believe the consideration provided under the agreement fairly and adequately compensates Plaintiffs for their claim of alleged unpaid wages and other relief sought in the Complaint. Furthermore, Plaintiffs knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after considerable and extensive discussion, analysis, consideration and negotiation by Plaintiffs, Defendants, and their respective counsel. Before deciding to enter into this settlement, the parties and their counsel, discussed the alleged overtime hours and pay rate, the duties performed by Plaintiffs, the payroll records completed by Plaintiffs, the nature of their employment with Defendant, the potential overtime exposure, and the risks and uncertainty associated with litigation. The parties then engaged in settlement discussions based upon their independent calculations and analysis and their respective positions on whether Plaintiffs were owed any wages. At the conclusion of those

discussions, the parties ultimately reached an agreement as to all claims for unpaid overtime wages, liquidated damages, as well as attorney's fees and costs.

The litigation is currently in the investigation/pleading phase. The parties engaged informal exchange of information via discussions before reaching any agreement. The Parties reached a settlement only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also supports approval of the settlement. The Parties dispute several issues, including: (a) the number of hours worked by Plaintiff; (b) whether Plaintiff is entitled to liquidated damages; and (c) whether there was a breach of contract of Plaintiffs' employment agreements. The Parties continue to disagree over the merits of Plaintiffs' claims, and both offered information to support their respective positions. As such, Plaintiffs' probability of success on the merits and range of possible recovery is uncertain and avoiding the cost and risk of proceeding with litigation is in the best interest of both Parties. In light of these concerns, the Parties have entered into settlement of this Action, which is fair, reasonable, and appropriate. Counsel for Plaintiff and Defendant also believe the settlement to be fair and reasonable as Plaintiff will be fairly compensated, as well as his counsel.

Pursuant to the settlement reached, Defendant agrees to pay Plaintiff, Gia Rosado, a total of $15,365.00, consisting of $472.50.00 in alleged unpaid overtime wages, $472.50 as liquidated damages, and $3,500.00 in attorneys' fees and costs. Plaintiff, Gia, will also receive an additional consideration in the amount of $10,920.00 for a global release of any and all claims under any authority whatsoever, agreement to resign from her employment, and not to seek or apply for re-employment, confidentiality, and non-disparagement clauses. The FLSA agreement does not have a confidential or a non-disparagement provision. The Parties believe this settlement to be a fair and reasonable compromise of the disputed issues in this case.

Pursuant to the settlement agreement reached, Defendant agrees to pay Plaintiff, Kimberly MacDonna, a total of $3,000, consisting of $250.00 in alleged unpaid overtime wages and $2,500 in attorneys' fees and costs. Plaintiff, Kimberly MacDonna will also receive an additional consideration in the amount of $250.00 for a global release of any and all claims under any authority whatsoever, agreement too not seek or apply for re-employment, confidentiality, and non-disparagement clauses. The FLSA agreement does not have a confidential or a non-disparagement provision. The Parties believe this settlement to be a fair and reasonable compromise of the disputed issues in this case.

## B. Terms of General Release Agreement

The Parties' Settlement Agreement contains a general release of claims by Plaintiff, confidentiality provision applicable to Plaintiff, non-disparagement provision applicable to Plaintiff, termination of employment, and a waiver of future employment provision for which Plaintiff is receiving additional and separate consideration. As set forth below, the Parties respectfully request that this Court approve the Parties' FLSA Settlement because these additional provisions are supported by separate consideration (as noted below), which Plaintiff would not otherwise be entitled to and were negotiated separately and apart from Plaintiffs' FLSA claims. Additionally, the inclusion of these provisions was a critical component in Defendant's decision to settle this matter at this early stage.

## General Release

Paragraph 2a-b of the FLSA Settlement Agreement includes a provision that Plaintiff will voluntarily dismiss with prejudice all of her claims in the instant lawsuit. Courts in the Middle District of Florida have approved such provisions where the plaintiff receives additional consideration beyond what is due on Plaintiff's FLSA claims. See *Mitchell v. Tally Ho, L.L.C.*, No. 8:23-CV-43-CPT, 2023 WL 3995463, at *2 (M.D. Fla. June 8, 2023) (approving FLSA Settlement Agreement where Defendants released claims against Plaintiff as consideration is beyond the monies due for the FLSA claims); *Serbonich v. Pacifica Fort Myers,* LLC, 2018 WL

2440542, at *3–4 (M.D. Fla. May 29, 2018) (observing that "jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there [was] a reciprocal agreement that benefits all parties") (citations omitted), report and recommendation adopted, 2018 WL 2451845 (M.D. Fla. May 31, 2018); *Garcia v. B&B Trucking Servs., Inc.,* 2017 WL 3207227, at *2 (M.D. Fla. July 12, 2017) (stating that courts in the Middle District of Florida "have approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims"), report and recommendation adopted, 2017 WL 3193668 (M.D. Fla. July 27, 2017); *Caamal v. Shelter Mortg. Co., LLC,* 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (finding an FLSA agreement containing a general release to be fair and reasonable where independent consideration for the release was given and collecting cases).

Here, Plaintiff, Gia Rosado, will receive $10,920.00 in additional consideration for the general release of all claims, which as noted above was negotiated separately and apart from Plaintiff's FLSA claim. *See Dkt. 1.* Plaintiff, Kimberly MacDonna, will receive $250.00 in additional consideration for the general release of all claims, which as noted above was negotiated separately and apart from Plaintiff's FLSA claim. The general release was critical to Defendant's decision to settle this matter at this early stage. Thus, the inclusion of this provision

does not affect the fairness of this FLSA Settlement, and the Parties respectfully request that this Court approve the Parties' FLSA Settlement Agreement.

## Confidentiality & Non-Disparagement Provisions

Paragraph 8 of the General Release Settlement Agreement includes a confidentiality provision and Paragraph 9 of the General Release Settlement Agreement includes a non-disparagement provision. For Plaintiff, Gia Rosado, these provisions are supported by separate consideration $250 for each provision. For Plaintiff, Kimberly MacDonna, these provisions are supported by separate consideration in the amount of $100 for each provision. Courts in the Middle District of Florida have approved such provisions where the plaintiff receives additional consideration beyond what is due on Plaintiff's FLSA claims. *Mitchell* at *3. (The Court found where counsel represents separate consideration was negotiated a non-disparagement clause is permissible), *Ramnaraine v. Super Transp. of Fla.*, LLC, 2016 WL 1376358, at *3 (M.D. Fla. Mar. 28, 2016) *(quoting Pariente v. CLC Resorts & Devs., Inc.*, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014)), report and recommendation adopted, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016). Akin to the approach taken with respect to general releases, however, courts have approved these clauses where they were negotiated for separate consideration and/or extend to all parties. *See, e.g., McKissick v. Marks Cabinetry Servs. Inc.*, 2021 WL 5702355, at *7 (M.D. Fla. Nov. 24, 2021), report and recommendation

adopted, 2021 WL 5636687 (M.D. Fla. Dec. 1, 2021); *Bell v. James C. Hall, Inc.*, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), report and recommendation adopted, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016).

This Court upheld a similar confidentiality provision and Non-disparagement provision in the *Mitchell v. Tally Ho, L.L.C.* case cited *supra*. Courts in this District have also upheld non-disparagement clauses where there has been a reciprocal agreement to provide a neutral reference. *Gutierrez v. Installation Squad, LLC*, No. 6:19-cv-671-Orl-41EJK, 2020 WL 7386343, at *4 (M.D. Fla. Jan. 9, 2020), report and recommendation adopted, 2020 WL 7386357 (M.D. Fla. Jan. 22, 2020) (approving non-disparagement provision where, in exchange, the plaintiff received only a neutral employment reference but no separate consideration or mutual release of claims).

Here, in light of the above cited cases, the confidentiality and non-disparagement provisions do not undermine the fairness of the FLSA Settlement, especially where Plaintiff, Gia Rosado, is receiving additional consideration (both monetary and non-monetary) of $250.00 for the confidentiality provision and $250.00 for the non-disparagement provision. The confidentiality provision and non-disparagement agreement were negotiated at arm's length and were considered and negotiated separately from her FLSA claims and are supported by separate consideration she would not otherwise be entitled to. Like the general

release, the confidentiality and non-disparagement provisions were a critical part of Defendant's decision to resolve this matter.

### Waiver of Future Employment

Finally, paragraph 4 of this Agreement includes a waiver of future employment provision. The Middle District has also found that the inclusion of a waiver of future employment provision in an FLSA settlement does not undermine the fairness of such settlement especially where Plaintiff knows what he is giving up and does not desire returning to work for Defendants. *Keehnle v. Charter Elec. Experts, LLC*, No. 8:18-CV-2880-CPT, 2021 WL 8777305, at *3 (M.D. Fla. Aug. 18, 2021) (approving FLSA settlement where no re-hire provision was attested to by the Plaintiff his lack of desire for future employment with Defendants) Additionally, the Middle District of Florida approves the no-rehire clause where there is additional consideration. *Swimmer v. Woodspring Suites Prop. Mgmt., LLC*, No. 6:16-cv-2072-ORL-22GJK, 2018 WL2126958 (M.D. Fla. May 9, 2018) (approving FLSA settlement where no re-hire provision was supported by separate consideration); *Rivera v. CO2Meter*, Case No. Case 6:17-cv-156-ORL-28GJK, 2018 U.S. Dist. LEXIS 223644, 2018 WL 3213329, at *11 (M.D. Fla. June 14, 2018) (approving FLSA settlement where agreement contained no re-hire provision).

Here, Plaintiff attests in the attached declaration she has no desire for any future employment with Defendant. *See* Declaration of Gia Rosado attached as "Exhibit B." The consideration in the amount of $10,920.00, given to Plaintiff, Gia Rosado, will be received for the termination of employment, waiver of future employment provision, which again was negotiated separate and apart from Plaintiff's FLSA claims and is not contingent on approval of this Agreement.

The consideration in the amount of $250.00, given to Plaintiff, Kimberly MacDonna, will be received for the waiver of future employment provision, which was also negotiated separate and apart from Plaintiff's FLSA claims and is not contingent on approval of this Agreement. Kimberly MacDonna quit on her own free will on August 21, 2024. Plaintiff, Kimberly MacDonna attests in the attached declaration she has no desire for any future employment with Defendant. *See* Declaration of Kimberly MacDonna attached as "Exhibit C". Because Kimberly MacDonna has voluntarily resigned from her position, Defendant will not have a position for her. Therefore, this is a mutual release for non-rehire for employment.

As such, these provisions do not undermine the fairness of this Agreement, and the Parties respectfully request that this Court approve the Parties FLSA Settlement.

For the reasons set forth above, the Parties respectfully request that this Court grant the Parties' Joint Motion and approve the FLSA Settlement as all relevant factors to be considered by this Court support the conclusion that the Parties' FLSA Settlement constitutes a fair and reasonable resolution of a bona fide dispute.

## II. The Proposed Attorneys' Fees Do Not Undermine the Fairness of the FLSA Settlement.

The Parties respectfully request that this Court approve the Parties' FLSA Settlement because Plaintiff's attorneys' fees were negotiated separately and without regard to the amount paid to the Plaintiff under the Parties' settlement agreement.  As the Court explained in *Bonetti v. Embarq Management Co.*, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, …the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel" unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney.  2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).

Plaintiff retained Gary Printy to represent her in this matter.  Plaintiffs' counsel, Gary L Printy Jr., Esq., is a Partner at Gary L Printy Jr., P.A., and has been

a member of the Florida Bar since September 25, 2007. Mr. Printy has experience litigating employment law related matters and he regularly litigates employment matters in state and federal court. Mr. Printy has litigated this matter in good faith. Prior to filing the Complaint on behalf of Plaintiff, Mr. Printy spent time undertaking a pre-suit investigation. After filing the Complaint, Mr. Printy and counsel for the Defendant exchanged information relating to Plaintiffs' claims and defenses which Mr. Printy analyzed in detail. Counsel for the Parties also engaged in discussions involving the issues of law and the pertinent facts related to this case.

The agreed upon amount of attorneys' fees and costs to Plaintiffs' counsel is for his representation of Plaintiffs through conclusion of the settlement, which was considered and negotiated separately from and without regard to the amount paid to Plaintiff to settle their FLSA claim. Plaintiffs submit that their recovery was not adversely affected by the amount to be paid to his attorney. The settlement is reasonable, and therefore, the Parties respectfully request that this Court approve Plaintiffs' attorneys' fees without separate consideration regarding the reasonableness of the fee to be paid to Plaintiff's attorney. *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). Accordingly, the Parties respectfully submit that the amount separately negotiated for Plaintiffs' attorneys' fees and costs is fair and reasonable and should be approved.

## Conclusion

For the reasons set forth above, this Court should approve the Parties' FLSA Settlement as the terms of the settlement are fair, reasonable, and adequate. All the factors to be considered by the Court in deciding whether to approve the Settlement weigh in favor of finding that the Parties FLSA Settlement is fair and reasonable because the amount separately negotiated for Plaintiffs' attorney's fees in this case was negotiated separately and without regard to the amount to be paid to Plaintiff, and the settlement is fair and reasonable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th of March, 2025, a true and correct copy of the foregoing was filed with the Clerk of  by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the parties registered with the e-Filing Portal system.

Gary Printy, Esq.

5407 N. Florida Avenue
Tampa, FL 33604
e-mail:
garyjr@printylawfirm.com;caroline.printy@printylawfirm.co
m;e-service@printylawfirm.com;
Counsel for Plaintiff, Gia Rosado

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
500 N. Westshore Boulevard, Suite 700
Tampa, Florida 33609
Telephone 813-864-9391
Facsimile 239-738-7778
Primary e-mail:
brian.rubenstein@csklegal.com
Secondary e-mail:
breonna.washington@csklegal.com
Alternative e-mail:
abbey.barnes@csklegal.com

By:  */s/ Breonna R. Washington*

BREONNA R. WASHINGTON
Florida Bar No.: 1028176
BRIAN D. RUBENSTEIN
Florida Bar No.: 16997

UNITED STATES DISTRICT
COURT
MIDDLE DISTRICT OF
FLORIDA
TAMPA DIVISION

GIA ROSADO, individually, and on
behalf of all others similarly
situated,

CASE NO.: 8:24-cv-01825

     Plaintiff,

v.


GROUNDGAME.HEALTH, INC.,

     Defendant

_____/

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement and Release is made between KIMBERLY MACDONNA ("MACDONNA") and Defendant GROUNDGAME.HEALTH, INC. ("GROUNDGAME") (collectively the "Parties").

WHEREAS, MACDONNA filed the above-referenced lawsuit in the United States District Court for the Middle District of Florida, Tampa Division (Case No.: 8:24-cv-01825) against GROUNDGAME; and

WHEREAS, GROUNDGAME denies liability herein and any wrongdoing with respect to MACDONNA; and

WHEREAS, the Parties wish to avoid litigation and settle and resolve all controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

1

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows contingent upon: (1) final approval by the Court; and (2) final payment pursuant to the terms of this Agreement, as follows:

1.    **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **RELEASE OF CLAIMS**.

a.    MACDONNA shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that MACDONNA has filed against GROUNDGAME, including the above-referenced action within 5 business days after MACDONNA's attorney's receipt of the Settlement Sum provided for in Paragraph 3 below.

b.    In exchange for the consideration identified in Paragraph 3 below, this Agreement shall constitute a waiver and release of all claims MACDONNA might have under the Fair Labor Standards Act and applicable Florida law against GROUNDGAME together with its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and its past, present and future directors, officers, shareholders, members, employees, agents, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, heirs or attorneys (collectively "Releasees") for unpaid wages and/or overtime compensation, liquidated damages and attorneys' fees.

3.    **SETTLEMENT SUMMARY**.

a.    If (1) MACDONNA delivers to GROUNDGAME's attorney an executed original of this Agreement, W-9 Forms executed by MACDONNA and MACDONNA's counsel, and a W-4 Form executed by MACDONNA; and (2) the Court approves this settlement, then, in consideration of the matters set forth herein, GROUNDGAME shall pay to MACDONNA the total sum of TWO THOUSAND SEVEN HUNDRED AND FIFTY Dollars and Zero Cents ($2,750.00) (hereinafter the "Settlement Sum").  Such Settlement Sum shall be allocated as follows and delivered within twenty-one (21) business days of the Court approving this settlement:

- **$250.00**, less applicable withholdings, made payable to KIMBERLY MACDONNA as and for alleged overtime wages, for which an IRS Form W-2 shall issue to KIMBERLY MACDONNA;

- **$2,500.00**, made payable to GARY L PRINTY JR, P.A. as attorneys' fees and costs, for which an IRS Form 1099 shall issue to GARY L PRINTY JR, P.A.

MACDONNA understands and acknowledges that MACDONNA would not receive the payments specified in this Paragraph, except for MACDONNA's execution of this Agreement, including Releases contained herein, and MACDONNA's fulfillment of the promises contained herein.

Docusign Envelope ID: C1D29852-9339-4DB7-BF54-B379EAF6EF7C

b.    GROUNDGAME makes no representation as to the taxability of the amounts to be paid to MACDONNA.  MACDONNA agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.  Moreover, MACDONNA agrees to indemnify GROUNDGAME and hold them harmless from any interest, taxes or penalties assessed them by any governmental agency as a result of the non-payment of taxes on any amounts paid to MACDONNA under the terms of this Agreement.

c.    MACDONNA affirms that as of the date MACDONNA signs this Agreement, MACDONNA is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests, as well as any insurance carrier providing benefits under Medicare Part C or Part D) determines that Medicare has an interest in the payment to [Claimant] under this settlement, MACDONNA agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of MACDONNA, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which MACDONNA is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

4.    **RETURN OF PROPERTY.** MACDONNA represents that, as of the date of this Agreement, MACDONNA has returned any and all documents, lists, data, confidential information, trade secrets, equipment including laptops and telephone headsets, or other property in MACDONNA's possession belonging to GROUNDGAME.

5.    **CONFIDENTIALITY.** Except as required by law, rule, regulation or subpoena, MACDONNA shall not disclose this settlement to any person or entity, including on any social media platform, except disclosure may be made to MACDONNA's spouse, attorneys, accountant and/or professional tax advisor.

6.    **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by GROUNDGAME of any liability, unlawful conduct of any kind or violation of any of the law, rule or regulation.

7.    **OPPORTUNITY TO REVIEW**.

a.    MACDONNA acknowledges that MACDONNA is aware that MACDONNA is giving up the wage and hour claims MACDONNA may have against Releasees. MACDONNA acknowledges that MACDONNA has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  In fact, MACDONNA acknowledges consulting with MACDONNA's counsel-of-record, Gary Printy, Jr., Esq. with Gary L Printy Jr., P.A. prior to executing this Agreement.  MACDONNA acknowledges MACDONNA enters into this Agreement voluntarily.

8.      **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9.      **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict-of-laws provisions.  In the event of any action arising hereunder, MACDONNA agrees that venue in Hillsborough County, Florida is proper and waives any objections based upon *forum non conveniens*.  In the event that a party commences an action for damages, injunctive relief, or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

10.     **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.


**THE  PARTIES  ARE  SIGNING  THIS  AGREEMENT  VOLUNTARILY  AND KNOWINGLY.**


Dated: _2/25/2025_____

_____
KIMBERLY MACDONNA

- 4 -

Dated: _March 5, 2025_          GROUNDGAME.HEALTH , INC.

_Susan Rawlings Molina_
_____
9481BC70DFEA471...

Name: Susan Rawlings Molina
_____

Title: Chief Executive Officer
_____

# eSignature Details

---

**Signer ID:**        **Lj8WwtTxJBEjJwMdTDSs8taU**
Signer by:        Kimberly MacDonna
Sent to email:        mkkzm15@gmail.com
IP Address:        104.28.94.164
Signed at:        Feb 25 2025, 5:15 pm EST

## AFFIDAVIT OF KIMBERLY MACDONNA
## IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT/ORDER

1.  My name is Kimberly MacDonna. I am competent to testify, I am over the age of majority, and I am giving this statement based upon my personal knowledge. I am giving this statement of my own free will and have not been threatened or intimidated in any way.

2.  I was, but am no longer employed by GroundGame. Health, Inc. (GroundGame) as of August 21, 2024.

3.  I certify that I have no desire to continue working for GroundGame, neither currently nor in the future.

4.  I will not act on any desire to be employed with GroundGame here forth.

5.  I knowingly and voluntarily make these statements and that they will be used to support the Joint Motion for Approval of FLSA Settlement and Proposed Order.

BY: _____

ID Vg8UGDd4mMdatX4Zoeffox4U

Name: ___Kimeberly MacDonna_____

**CASE NO.: 8:24-cv-01825**

## eSignature Details

**Signer ID:**        **Vp8UGDd4mMdatX4Zgeffqx4U**
Signed by:        Kimberly MacDonna
Sent to email:        mkkzm15@gmail.com
IP Address:        104.28.92.164
Signed at:        Feb 28 2025, 2:13 pm EST

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA
DIVISION

CASE NO.: 8:24-cv-01825

GIA ROSADO, individually, and on behalf of all
others similarly situated,

     Plaintiff,

v.

GROUNDGAME.HEALTH, INC.,

     Defendant.

_____/

## <u>FLSA SETTLEMENT AGREEMENT AND RELEASE</u>

This FLSA Settlement and Release is made between GIA ROSADO ("ROSADO"), and
Defendant GROUNDGAME.HEALTH, INC. ("GROUNDGAME") (collectively the "Parties").

WHEREAS, ROSADO filed the above-referenced lawsuit in the United States District
Court for the Middle District of Florida, Tampa Division (Case No.: 8:24-cv-01825) against
GROUNDGAME; and

WHEREAS, GROUNDGAME denies liability herein and any wrongdoing with respect to
ROSADO; and

WHEREAS, the Parties wish to avoid litigation and settle and resolve all controversy
between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other
good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged,
it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-
entitled matter is hereby resolved as follows contingent upon: (1) final approval by the Court; and
(2) final payment pursuant to the terms of this Agreement, as follows:

1.    **<u>RECITALS</u>**.  The foregoing recitals are true and correct and are incorporated
herein by this reference.

1

2.   **RELEASE OF CLAIMS**.

a.    ROSADO shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that ROSADO has filed against GROUNDGAME, including the above-referenced action within 5 business days after ROSADO's attorney's receipt of the Settlement Sum provided for in Paragraph 3 below.

b.    In exchange for the consideration identified in Paragraph 3 below, this Agreement shall constitute a waiver and release of all claims ROSADO might have under the Fair Labor Standards Act and applicable Florida law against GROUNDGAME together with its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and its past, present and future directors, officers, shareholders, members, employees, agents, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, heirs or attorneys (collectively "Releasees") for unpaid wages and/or overtime compensation, liquidated damages and attorneys' fees.

3.   **SETTLEMENT SUMMARY**.

a.    If (1) ROSADO delivers to GROUNDGAME's attorney an executed original of this Agreement, W-9 Forms executed by ROSADO and ROSADO's counsel, and a W-4 Form executed by ROSADO; and (2) the Court approves this settlement, then, in consideration of the matters set forth herein, GROUNDGAME shall pay to ROSADO the total sum of Four Thousand Four Hundred Forty-Five Dollars and Zero Cents ($4,445.00) (hereinafter the "Settlement Sum"). Such Settlement Sum shall be allocated as follows and delivered within twenty-one (21) business days of the Court approving this settlement:

- **$472.50,** less applicable withholdings, made payable to GIA ROSADO, as Personal Representative of the GIA ROSADO, as and for alleged overtime wages, for which an IRS Form W-2 shall issue to GIA ROSADO;

- **$472.50,** made payable to GIA ROSADO, as Personal Representative of the GIA ROSADO, as and for alleged liquidated damages, which amount shall *not* be subject to deductions or withholding, for which an IRS Form 1099 shall issue to GIA ROSADO;

- $**3,500.00,** made payable to Gary L. Printy, Jr., P.A. as attorneys' fees and costs, for which an IRS Form 1099 shall issue to GARY L. PRINTY, JR., P.A.

ROSADO understands and acknowledges that ROSADO would not receive the payments specified in this Paragraph, except for ROSADO's execution of this Agreement, including Releases contained herein, and ROSADO's fulfillment of the promises contained herein.

b.    GROUNDGAME makes no representation as to the taxability of the amounts to be paid to ROSADO. ROSADO agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, ROSADO agrees to indemnify GROUNDGAME and hold them harmless from any interest, taxes or penalties assessed

- 2 -

them by any governmental agency as a result of the non-payment of taxes on any amounts paid to ROSADO under the terms of this Agreement.

       c.      ROSADO affirms that as of the date ROSADO signs this Agreement, ROSADO is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests, as well as any insurance carrier providing benefits under Medicare Part C or Part D) determines that Medicare has an interest in the payment to [Claimant] under this settlement, ROSADO agrees to (i) indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of ROSADO, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which ROSADO is required to indemnify Releasees under this paragraph, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

       4.      **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by GROUNDGAME of any liability, unlawful conduct of any kind or violation of any of the law, rule or regulation.

       5.      **OPPORTUNITY TO REVIEW**.

       a.      ROSADO acknowledges that ROSADO is aware that ROSADO is giving up the wage and hour claims ROSADO may have against Releasees. ROSADO acknowledges that ROSADO has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, ROSADO acknowledges consulting with ROSADO's counsel-of-record, Gary Printy, Esq. with Gary L. Printy, Jr., P.A. prior to executing this Agreement. ROSADO acknowledges ROSADO enters into this Agreement voluntarily.

       6.      **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

       7.      **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict-of-laws provisions. In the event of any action arising hereunder, ROSADO agrees that venue in Hillsborough County, Florida is proper and waives any objections based upon *forum non conveniens*. In the event that a party commences an action for damages, injunctive relief, or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

8.    **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.


**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**


Dated:  2/24/2025

GIA ROSADO


Dated:  March 5, 2025

GROUNDGAME.HEALTH, INC.

Signed by:
Susan Rawlings Molina

Name:  Susan Rawlings Molina

Title:  Chief Executive Officer


- 4 -

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **bGzdYk2i2z4nhdhm3HtmfPzY** |
| Signed by: | Gia Rosado |
| Sent to email: | gia303@icloud.com |
| IP Address: | 172.56.100.34 |
| Signed at: | Feb 24 2025, 9:17 am EST |

### AFFIDAVIT OF GIA ROSADO
### IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT/ORDER

1. My name is Gia Rosado. I am competent to testify, I am over the age of majority, and I am giving this statement based upon my personal knowledge. I am giving this statement of my own free will and have not been threatened or intimidated in any way.

2. I was, but am no longer employed by GroundGame. Health, Inc. (GroundGame) as of February 28, 2025.

3. I certify that I have no desire to continue working for GroundGame, neither currently nor in the future.

4. I will not act on any desire to be employed with GroundGame here forth.

5. I knowingly and voluntarily make these statements and that they will be used to support the Joint Motion for Approval of FLSA Settlement and Proposed Order.

BY: _____
ID VSDMs69a5VbVoHhDbEz9Ndft

Name: ___Gia Rosado_____

**CASE NO.: 8:24-cv-01825**

# eSignature Details

---

**Signer ID:**          **VSDMs69a5VbVoHhDbEz9Ndft**
Signed by:              Gia Rosado
Sent to email:          gia303@icloud.com
IP Address:             172.56.100.227
Signed at:              Feb 28 2025, 1:58 pm EST