UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GIA ROSADO, individually,**
**and on behalf of all others**
**similarly situated,**

    Plaintiff,

**v.**                                    Case No.: 8:24-cv-01825-MSS-SPF

**GROUNDGAME.HEALTH, INC.,**

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of the FLSA Settlement and to Dismiss this Action with Prejudice. (Dkt. 23) The Parties request that the Court approve the settlements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims. (Id.) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** the Motion.

    A claim brought under the FLSA can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court

1

enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. "If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the [c]ourt to review the settlement." Bonetti v. Embarq Management Co., 715 F. Supp.2d 1222, 1227 n. 7 (M.D. Fla. 2009).

On August 2, 2024, Plaintiff Rosado filed this action against Defendant alleging violations of the FLSA's overtime wage provisions and breach of contract. (Dkt. 1) On January 17, 2025, opt-in plaintiff Kimberly MacDonna (together with Rosado, the "Plaintiffs") joined the suit. (Dkt. 17) On January 29, 2025, the Court dismissed this mater without prejudice pursuant to Local Rule 3.09(b) of the Local Rules for the Middle District of Florida. (Dkt. 20) Now, the Parties represent that they have finalized settlement agreements to resolve the disputed FLSA claims. (Dkt. 23) The Parties represent that the settlements are fair and reasonable. (Id. at 10)

In exchange for a release of liability under the FLSA, Defendant has agreed to pay a total amount of $18,365.00, which includes: (a) $472.50 to Rosado for alleged unpaid wages; (b) $472.50 to Rosado for alleged liquidated damages; (c) $3,500.00 to Rosado's counsel for attorneys' fees and costs; (d) $250.00 to MacDonna for alleged unpaid wages; (e) $2,500.00 to Plaintiffs' counsel for attorneys' fees and costs. (Dkt. 23 at 22, 30) In addition, Defendant has also agreed to (a) pay Rosado $10,920.00 for alleged breach of contract, general release, and termination of employment; and (b)

$250.00 to MacDonna for alleged breach of contract, general release, and waiver of future employment. (Dkt. 23 at 4)

Upon review of the settlement agreements, the Court finds that the Parties' settlement agreements are fair and reasonable under Eleventh Circuit precedent. The attorneys' fees and costs were negotiated separately from the settlements being paid to Plaintiffs. The settlement agreements also include general release, confidentiality, non-disparagement, and termination of employment/waiver of future employment provisions that are all supported by separate consideration. The Court finds these provisions are supported by meaningful and independent consideration, and the FLSA settlements are not contingent on Plaintiffs' assent to the settlements of their non-FLSA claims. In addition, the Court's approval of the settlement agreements in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Joint Motion for Approval of the FLSA Settlement and to Dismiss this Action with Prejudice, (Dkt. 23), is **GRANTED**.

2. The Settlement Agreements and Releases, (Dkt. 23 at 21-24; 29-32), are **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3. Defendant shall disburse the settlement payments, including attorneys' fees and costs as set forth herein and in the Settlement Agreements and Releases. (Dkt. 23 at 21-24; 29-32)

4. The Settlement Agreements and Releases do not bind any party who is not named as a party in the settlement agreements or referenced as an assign, attorney, or successor to the named parties. The settlement agreements also do not bar any claim by any third party that may be brought against either party to this action.

5. This case is **DISMISSED with prejudice**. Each party shall bear its own legal fees and costs, if applicable, except as specified in the settlement agreement. **No retainer agreement between Plaintiffs and counsel shall override or alter the amount of settlement proceeds due to Plaintiffs in accordance with the terms of the settlement agreement as approved by this Order. Counsel shall provide a copy of this Order to their respective clients.**

6. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of April 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
All Counsel of Record
All *Pro Se* parties